IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA RAY CASTANEDA,

                    Petitioner,

     v.                                              CASE NO. 25-3102-JWL

STATE OF KANSAS[1],

                    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Joshua Ray Castaneda, who proceeds pro se and who is currently incarcerated at the Barton County Detention Center in Great Bend, Kansas. When Petitioner filed his petition in this matter (Doc. 1), he neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis. Thus, on May 27, 2025, the Court issued a notice of deficiency (NOD) granting Petitioner until June 26, 2025 in which to either pay the fee or submit a motion for leave to proceed in forma pauperis. (Doc. 2.) Included with the NOD mailed to Petitioner were the required forms for filing a motion to proceed in forma pauperis. The NOD expressly cautioned Petitioner that "[i]f you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

The deadline set in the NOD has passed and, although Petitioner has filed a motion for

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Barton County Sheriff Brian Bellendir, who oversees the Barton County Detention Center, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

1

discovery (Doc. 3) and an affidavit in support of a request to proceed IFP (Doc. 4), he has not submitted a motion to proceed IFP or the required financial certificate, the affidavit submitted is not on the required form, and, in the alternative, Petitioner has not paid the filing fee. The Court notes, however, that Petitioner states in a letter received on June 23, 2025 that he requested the financial statement from the Barton County Detention Center but had not yet received any documents. (Doc. 4, p. 4.)

Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that a petition filed under § 2254 "must be accompanied by" either the filing fee or "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." 28 U.S.C. foll. § 2254. Local Rule 9.1(g)(2)(A) imposes the same requirements. D. Kan. Rule 9.1(g)(2)(A).

Petitioner will be granted additional time in which to submit a motion to proceed in forma pauperis and the required supporting documentation, including the financial certificate. The Court will direct the Clerk to provide Petitioner with the forms he is required to use for his motion to proceed in forma pauperis and supporting affidavit. If Petitioner fails to timely comply with this order, this matter will be dismissed without prejudice for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal of an action "if the plaintiff fails to prosecute or to comply with these rules or a court order").

The Court also will direct the Clerk to provide the Barton County Detention Center with a copy of this order, notifying them of the obligations set forth in Habeas Rule 3(a) and Local Rule 9.1(g)(2)(A), and a copy of the notice of deficiency at Doc. 2. If Petitioner experiences difficulty obtaining the required financial certificate, he should so inform the Court, in writing and prior to

the deadline for compliance with this order, and he should describe his efforts to obtain the certificate and any response he received from the Barton County Detention Center.

Also before the Court is Petitioner's "Petition/Motion to Obtain Discovery Material." (Doc. 3.) Therein, Petitioner seeks an order directing various federal agencies to provide him with certain documents and orders. *Id.* at 1-2. In an attached letter, Petitioner asks that this Court if the jurisdiction of this matter is questionable, the Court remand the case to Barton County rather than dismissing it. (Doc. 3-1, p. 1-2.)

This motion will be denied without prejudice. First, this Court "has no power to remand a case initiated in federal court." *See Tirado v. City of Colo. Springs, Colo.*, 2021 WL 6061781, *2 (10th Cir. Dec. 20, 2021) (unpublished) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), and *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1017 (8th Cir. 2015)). Second, this case currently is in the earliest stage of proceedings. The initial requirements related to the filing fee for this matter have not yet been satisfied. Thus, discovery motions are premature. Third, federal habeas actions do not usually require discovery of the sort Petitioner seeks and the Court must authorize discovery for it to occur in a federal habeas action. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court sees no need for discovery at this point.

**IT IS THEREFORE ORDERED** that Brian Bellendir, Sheriff of Barton County, Kansas, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the discovery motion (Doc. 3) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **August 11, 2025,** in which to either pay the $5.00 filing fee or submit a complete and proper motion to proceed in forma pauperis, on the required forms, that includes all required supporting documentation. The

Clerk shall provide Petitioner with the forms for filing a motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that the Clerk shall provide the Barton County Detention Center with a copy of this order and a copy of the Court's Notice of Deficiency at Doc. 2.

**IT IS SO ORDERED.**

DATED:   This 9th day of July, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge