IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSHUA RAY CASTANEDA,**

                    **Petitioner,**

     v.                                                               CASE NO. 25-3102-JWL

**BRIAN BELLENDIR,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state pretrial detainee Joshua Ray Castaneda. On August 13, 2025, the Court issued a notice and order to show cause (NOSC) explaining that it had conducted the review of the petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determined that this matter is subject to dismissal. (Doc. 8.)

The NOSC explained that the relief Petitioner seeks in his petition is not available because federal district courts lack the authority to order the type of investigation Petitioner requests. *Id.* at 4. It also explained that even if the petition was liberally construed to contain a challenge to Petitioner's detention, the Court is required to abstain from granting federal habeas relief to state pretrial detainees except under certain circumstances that are not present here. *Id.* at 4-6. Finally, the NOSC noted that to the extent that Petitioner seeks relief based on the use of force during his arrest or the lack of medical care at the Barton County Detention Center, such claims must be brought in a civil rights action under 42 U.S.C. § 1983. *Id.* at 6.

The NOSC therefore directed Petitioner to show cause in writing, on or before September 30, 2025, why this matter should not be dismissed without prejudice for the reasons set forth in

the NOSC. *Id.* It expressly cautioned Petitioner that if he "fails to timely respond . . . this matter will be dismissed without prejudice and without further prior notice to Petitioner." *Id.* The deadline set in the NOSC has passed and Petitioner has not filed anything further in this matter. Accordingly, this matter will be dismissed without prejudice for the reasons stated in the NOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for the reasons set forth in the notice and order to show cause (Doc. 8) issued on August 13, 2025. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of October, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

3

JOHN W. LUNGSTRUM
United States District Judge